# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VIETNAMESE ALLIANCE**
**CHURCH OF ORLANDO**
**FLORIDA, INC.,**

      **Plaintiff,**

**v.**                                            **Case No: 6:22-cv-1274-CEM-EJK**

**OHIO SECURITY INSURANCE**
**COMPANY,**

      **Defendant.**

## ORDER

This cause comes before the Court on Defendant's Unopposed Motion to Strike Immaterial and Impertinent Information from the Complaint (the "Motion"), filed July 27, 2022. (Doc. 8.) Therein, Defendant states Plaintiff agrees to the relief requested in the Motion. (*Id.* at 4.) Upon consideration, the Motion is due to be granted.

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Defendant seeks to strike the references to "homeowner's insurance" and "dwelling" in the Complaint, arguing that these allegations are immaterial and impertinent because these allegations "have no possible relationship to this controversy." (Doc. 8 at 3.) Defendant explains that the relevant insurance policy is a commercial insurance policy, not a homeowner's insurance policy, and that the relevant property is a commercial property, not a dwelling. (*Id.*) Thus, the Court has authority to strike these references under Rule 12(f).

Accordingly, it is hereby **ORDERED** that Defendant's Unopposed Motion to Strike Immaterial and Impertinent Information from the Complaint (Doc. 8) is **GRANTED**. The references to "homeowner's insurance" and "dwelling" in the Complaint (Doc. 1-1 ¶¶ 4, 17) are **STRICKEN**.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE